Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
Spencer C. Wilson, OSB # 154498
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re ) | Case No. 16-30406-rld11 |
| ) | |
| SeaPort Airlines, Inc., ) | |
| ) | |
| <u>      Debtor-in-Possession.    </u> ) | |
| SeaPort Airlines, Inc., ) | Adv. Pro. No. 16-03059-rld |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF MOTION |
| ) | FOR TEMPORARY RESTRAINING ORDER |
| vs. ) | AND MOTION FOR ORDER TO SHOW |
| ) | CAUSE |
| Robert McKinney ) | |
| ) | |
| <u>       Defendant.       </u> ) | |

## I. BACKGROUND INFORMATION

Pursuant to 11 U.S.C. §§ 105(a) and 362, and FRBP 7001(7) and 7065, Plaintiff SeaPort Airlines, Inc. ("SeaPort") seeks a Temporary Restraining Order and an Order to Show Cause against Defendant Robert McKinney ("McKinney"). SeaPort is a passenger airline business, headquartered in Portland, Oregon. SeaPort filed for bankruptcy relief on February 5, 2016 and is in the process of reorganizing under Chapter 11 of the Bankruptcy Code.

Page 1 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

McKinney formerly served as president and CEO of SeaPort. McKinney resigned from his position as president and CEO on January 19, 2016. Subsequent to resigning, McKinney has taken another comparable position with a different airline company. On March 4, 2016, McKinney filed a whistle blower complaint with the Occupational Safety and Health Administration ("OSHA"). SeaPort received notice of this complaint on March 31, 2016. SeaPort contacted the investigator assigned to process McKinney's complaint and McKinney, informed them of the bankruptcy of SeaPort, and requested that any further investigation be stayed in accordance with the automatic stay pursuant to 11 U.S.C. § 362. OSHA and McKinney refuse to cease prosecution of the alleged Whistleblower claims, in spite of the automatic stay.

## II. DISCUSSION

This Court has subject matter jurisdiction over SeaPort's Motion for preliminary injunctive relief under 28 U.S.C § 157 and 1334(b). Further, preliminary injunctive relief is warranted under 11 U.S.C. § 105(a) because SeaPort will suffer irreparable injury if McKinney is not enjoined. SeaPort relies on two legal theories warranting enjoining McKinney's pursuit of claims against SeaPort. First, McKinney's actions violate the automatic stay, from which this court has not granted relief. Second, since the pursuit of claims violates the automatic stay and continued proceedings could result in default findings adverse to SeaPort—when SeaPort is not required to appear—this Court is permitted to enjoin activities which jeopardize SeaPort's reorganization efforts. The analysis as to whether the Court should issue a preliminary injunction as sought by SeaPort is identical as whether the court should issue a Section 105 injunction, but for the scope of analysis of SeaPort's likelihood of success; accordingly both issues are discussed below.

Page 2 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

## A. McKinney's Actions Violate the Automatic Stay

Upon the filing of a petition for bankruptcy the automatic stay arises, enjoining the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title 11] . . . ." 11 U.S.C. § 362 (a)(1). The automatic stay is applicable to the actions of McKinney.

McKinney willfully commenced a post-petition action against SeaPort on a pre-petition claim. McKinney willfully violated the automatic stay when he filed a whistleblower complaint with OSHA against SeaPort. Section 362 of the Bankruptcy Code enjoins the commencement of administrative proceedings against the debtor that could have been brought prior to the commencement of the bankruptcy case. Violations of the automatic stay are willful when a party knew of the automatic stay and acted intentionally to violate the stay. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). Knowledge of a bankruptcy filing gives rise to the presumption that a party knew of the automatic stay. *See Id.* McKinney's whistleblower complaint was filed on March 4, 2016. McKinney had knowledge of SeaPort's bankruptcy filing because he participated in the Board meeting, at which SeaPort decided to file for bankruptcy relief—McKinney voted in favor of filing. McKinney acted intentionally when he filed the complaint with OSHA.

Further, the actions of which McKinney complains in his whistleblower complaint occurred in December of 2015 and January of 2016, prior to SeaPort's filing on February 5, 2016. A claim, within the meaning of 11 U.S.C. § 101(5), arises at the time of the act or omission complained of occurred, even if there has been no indication or manifestation of the act or omission. *In re Russell*, 193 B.R. 568, 571 (Bankr. S.D. Cal. 1996). McKinney's complaint filed with OSHA is a claim because the remedy for such an action is a monetary

Page 3 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

award in favor of the complainant. *See Ohio v. Kovacs, 49 U.S. 274, 283* (1985) (holding that the term claim as provided in §101(5)(b) of the bankruptcy code hinges on whether the remedy gives rise to a payment of money); Declaration of Nelson Atkin, ¶3. Accordingly McKinney's complaint is a claim; further, McKinney's claim is a pre-petition claim because the acts of which he complains occurred prior to February 5, 2016—the date of SeaPort's bankruptcy petition.

B. **Injunctive Relief Should Issue to Protect SeaPort's Reorganization Efforts**

Seaport will be irreparably harmed without an order from this Court providing for the injunctive relief requested. Under Section 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) gives a bankruptcy court broad powers to stay proceedings or process which "threaten the integrity of the bankruptcy estate." *Solidus Networks, Inc. V. Excell Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093 (9th Cir. 2007) (citations omitted). SeaPort is entitled to a preliminary injunction if the SeaPort can demonstrate "that [SeaPort] is likely to succeed on the merits, that [SeaPort] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [SeaPort's] favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter v. NRDC*, 129 S. Ct. 365, 374 (2008)). This Court has recognized that it should issue injunctive relief under Section 105(a) when a debtor has established that "failure to issue an injunction will have a 'substantial and adverse impact' upon the debtor's continuing existence." *Harder v. PermierWest Bank (In re Harder)*, 413 B.R. 827, 834 (Bankr. D. Or.) (applying the injunctive standard under the more unusual and strenuous case of application to non-

Page 4 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

debtor parties).

As explained below, SeaPort satisfies the four elements of the *Winter* test and that the failure to issue an injunction will have substantial and adverse impact on SeaPort.

1. SeaPort is Likely to Suceed on the Merits

As to the preliminary injunction, SeaPort is likely to succeed on the merits that McKinney has violated and continues to violate the automatic stay. The Ninth Circuit's opinion in *Eskanos* held that § 362(a) imposes an affirmative duty to discontinue actions in violation of the automatic stay. *See Eskanos,* 309 F.3d at 1215. Further, the Ninth Circuit concluded that maintaining an action against the debtor and delaying dismissal of an action against a debtor after receiving notice of a bankruptcy petition to be a willful violation of the automatic stay. *Id.* As a result, SeaPort is likely to succeed on the merits that McKinney is violating the automatic stay. As to a Section 105 injunction, SeaPort continues to operate post-petition. During this period, SeaPort has diligently complied and continues to comply with its obligations under the Bankruptcy Code. There is no indication that SeaPort will be unable to successfully reorganize. As a result, SeaPort is likely to succeed on the merits of its reorganization.

2. Seaport Will Suffer Irreparable Injury if the Injunction is not granted

SeaPort is actively pursuing reorganization efforts post-petition. In doing so, SeaPort is relying on the provisions of Title 11, including the automatic stay, and should not have to devote time and financial resources to defending itself against the whistleblower complaint during its reorganization efforts. If the administrative proceeding instigated by the whistleblower complaint is allowed to proceed, SeaPort will have to choose between diverting time and expending financial resources away from its reorganization efforts to defend itself, and choosing not to respond and risk that McKinney will obtain an adverse

Page 5 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

decision against SeaPort based on default. Accordingly, injunctive relief is appropriate where "the requested injunction seeks to halt actions which if left unchecked could effectively reduce assets available for reorganization of distribution to creditors." 2 Collier on Bankruptcy, § 105.02[1][b].

    3.    <u>The Balance of Hardships Tips in Favor of the Plaintiff</u>

SeaPort and its creditors will suffer much greater harm than McKinney if this Court denies SeaPort's request for injunctive relief. SeaPort's financial condition, upon which its reorganization efforts are based, will be jeopardized if McKinney is permitted to continue to pursue claims against SeaPort. Seaport will be forced to divert time and financial resources away from its reorganization efforts to defend itself; further, an adverse judgment issued at this time in violation of the automatic stay could compromise SeaPort's ability to meet its current financial obligations. *Lazarus Burman Assocs. V. National Westminster Bank USA (In re Lazarus Burman Assocs.)*, 161 B.R. 891, 900 (Bankr. E.D.N.Y. 1993) (finding cause for issuance of an injunction when continuation of a state court claim and judgment therefrom would impair the ability to fund reorganization and divert the principals of the business' attention from the debtor's reorganization).

In contrast, McKinney stands to suffer little if this Court grants injunctive relief. As a preliminary matter, McKinney's claim is void because it is a pre-petition claim asserted against a debtor in violation of the automatic stay. The Ninth Circuit has repeatedly held that "violations of the automatic stay are void." *Burkart v. Coleman (In re Tippett)*, 542 F.3d 684, 690–91 (9th Cir. 2008) (quoting *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Additionally, McKinney voluntarily resigned and has taken a position with another airline, it is unlikely that he seeks anything other than unwarranted financial gain from an allegedly wrongful termination that occurred pre-petition. Because

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

McKinney's pre-petition claim brought in violation of the automatic stay is void under Ninth Circuit law, he will suffer little if he is enjoined from prosecuting an illegal action.

Further, McKinney will only be delayed in pursuing claims against SeaPort, should they have any merit, until a plan of reorganization is confirmed or the case is converted to chapter 7 or dismissed. *Lazarus Burman, 161 B.R.* at 901 (finding that a delay in enforcement of rights is not significant harm). McKinney can also protect his pre-petition interests, if any, by the simple act of filing a proof of claim, which is the process available to all pre-petition creditors of the debtor. Accordingly, the balance of hardship tips in favor of issuing the injunction SeaPort requests.

4. Public Interest Favors Reorganization through a Confirmed Plan

The public interest will be served by granting SeaPort its requested injunctive relief. "The public interest, in the context of a bankruptcy proceeding, is in promoting a successful reorganization." *Lazarus Burman*, 161 B.R. at 901 (citation omitted). SeaPort seeks to continue its reorganization efforts unhindered by unnecessary third-party claims and additional proceedings. This goal can more likely be achieved if the Court grants the requested injunction.

5. No Bond Is Required

No bond is required pursuant to FRBP 7065.

/ / /

/ / /

/ / /

Page 7 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

### III. CONCLUSION

This Court should grant SeaPorts's request for preliminary injunctive relief. This Court has subject matter jurisdiction over SeaPort's request because McKinney's actions will affect the administration of SeaPort's bankruptcy estate and Plan. Further, SeaPort has satisfied the prerequisites for obtaining preliminary injunctive relief. For these reasons, this Court should grant SeaPort's Motions for a Temporary Restraining Order and Order to Show Cause.

    Respectfully submitted;

    VANDEN BOS & CHAPMAN, LLP


    By:/s/Robert J Vanden Bos
        Robert J Vanden Bos, OSB #78100
        Douglas R. Ricks, OSB #044026
        Christopher N. Coyle, OSB #07350
        Spencer C. Wilson, OSB #154498
        Of Attorneys for Debtor-in-Possession

Page 8 of 8 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-03059-rld    Doc 6    Filed 05/13/16

In re SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11
<u>SeaPort Airlines, Inc. v. Robert McKinney</u>;
Adv. Pro. No. 16-03059-rld

CERTIFICATE - TRUE COPY

DATE: May 13, 2016

DOCUMENT: MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

| | |
|---|---|
| SeaPort Airlines, Inc. | Rob McKinney |
| Attn: Timothy Sieber | 9502 NE 144th Ct |
| 816 SW First Avenue | Vancouver, WA 98682 |
| Portland, Oregon 97204 | |

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the below date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: May 13, 2016

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350
    Of Attorneys for Debtor-in-Possession