JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ROSE DARLING
Senior Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Tel: (415) 625-7744
Fax: (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for Interested Party,
United States Department of Labor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>SeaPort Airlines, Inc.<br><br>         Debtor in Possession, | Case No.: 16-30406-rld<br><br>Adv. Pro. No.: 16-03059-rld<br><br>**SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION UNDER THE WHISTLEBLOWER PROVISION OF THE WENDELL H. FORD AVIATION INVESTMENT AND REFORM ACT FOR THE 21ST CENTURY ("AIR21"), 49 U.S.C. § 42121, WHICH IS EXEMPT FROM THE AUTOMATIC STAY** |
| SeaPort Airlines, Inc.<br><br>         Plaintiff,<br><br> vs.<br><br>Robert McKinney<br><br>         Defendant. | |

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 1 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

## I. INTRODUCTION

On May 13, 2016, Debtor SeaPort Airlines, Inc. filed a motion for a temporary restraining order and adversary complaint alleging that Robert McKinney, the company's former CEO and president, violated the automatic stay when he filed a whistleblower complaint with the Secretary of Labor's Occupational Safety and Health Administration ("OSHA"). Contrary to SeaPort's assertion, McKinney's complaint is not a private action against SeaPort; rather the complaint forms the basis of an ongoing Federal investigation by OSHA of SeaPort under the employee protection provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121.

OSHA's investigation is exempt from the automatic stay because it is an action by the U.S. Department of Labor to enforce its policy and regulatory power under AIR21. Investigations conducted by the Secretary of Labor under the whistleblower provision of AIR21 squarely fall under the police power exception to the automatic stay because these actions vindicate the public's interest in ensuring that airline employees who report safety violations are not retaliated against by their employers, and prospective injunctions against future violations by employers are necessary equitable relief.

## II. FACTUAL BACKGROUND

In March 2016, OSHA initiated an investigation of SeaPort under the whistleblower provision of AIR21. Declaration of OSHA Investigator Paul McDevitt ("McDevitt Decl.") ¶¶ 3-4. OSHA opened its investigation after receiving a complaint on March 4, 2016 from McKinney, SeaPort's former president and CEO, which alleged that SeaPort forced McKinney to

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 2 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

resign three weeks after he sent a letter to the board of directors detailing his concerns about the airline's safety. *Id.* ¶ 4.

As part of its statutory duty to investigate discrimination violations under AIR21, in March 2016, OSHA requested information from McKinney and SeaPort regarding McKinney's safety complaints and subsequent termination. McDevitt Decl. ¶ 5. To date, OSHA has not yet completed its investigation or issued preliminary findings. *Id.*

On April 14, 2016, OSHA received a letter from SeaPort alleging that the Secretary's whistleblower investigation under AIR21—which SeaPort inaptly referred to as "McKinney's complaint"—was subject to the Bankruptcy Code's automatic stay. 11 U.S.C. § 362. McDevitt Decl. ¶ 6, Ex. A. In its letter, SeaPort demanded that the Secretary dismiss McKinney's complaint and threatened to file adversary proceedings for injunctive relief to dismiss or enjoin OSHA's investigation. *Id.*

On May 3, 2016, the Secretary's counsel sent a letter to SeaPort stating that OSHA's investigation is exempt from the automatic stay because it falls under the police power exception, 11 U.S.C. § 362(b)(4). McDevitt Decl. ¶ 7, Ex. B.

On May 13, 2016, SeaPort filed with this Court a motion for temporary restraining order and adversary complaint alleging that McKinney violated the automatic stay when he filed a whistleblower complaint with OSHA. *See* Case No. 16-03059-rld, Dkt. Nos. 1-4. Among other requests for relief, SeaPort asked the bankruptcy court to order McKinney to withdraw his OSHA complaint. *See id.*, Dkt. No. 4.
SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 3 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

## III. ARGUMENT

### A. OSHA is mandated by Congress to investigate potential violations of AIR21's whistleblower provision, which serves the public's interest to encourage airline workers to report safety violations.

In 2000, Congress enacted AIR21 to improve airline safety. *See Aviation in the United States: Airline Deregulation Act*, United States Department of Transportation, National Transportation Safety Board (2010) at 203 (discussing the enactment of AIR21). Crucial to Congress's mission to improve airline safety was ensuring that airline workers—people who are best situated to discover and report safety problems—believe they may report safety violations without fear of retribution from their employers. *See* Peter R. Marksteiner, *The Flying Whistleblower: It's Time for Federal Statutory Protection for Aviation Industry Workers*, 25 J. Legis. 39, 39 (1999) (discussing the need for a federal whistleblower statute). Toward that end, Congress included a whistleblower provision in the statute.

The whistleblower provision of AIR21, found at 49 U.S.C. § 42121, prohibits airline carriers from discharging or otherwise discriminating against employees who have "provided [their] employer …. information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety." 49 U.S.C. § 42121(a). Section 4121 tasks OSHA with receiving and investigating discrimination complaints under the Act. 49 U.S.C. § 42121(b). The procedures for investigating and adjudicating whistleblower complaints under AIR21 are further codified in 29 C.F.R. Part 1979 and 29 C.F.R. Part 18.

Under the regulatory framework, once OSHA receives a complaint alleging retaliation by

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 4 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

an airline carrier, within 60 days the Agency must conduct an investigation and determine whether there is reasonable cause to believe that the complaint has merit. 29 C.F.R. §§ 1979.104 and 1979.105; 49 U.S.C. § 42121(b)(2). After OSHA completes its investigation, it must notify the complainant and the alleged violator of the Agency's preliminary findings, which may include an order requiring the airline to abate the violation, pay back wages, and reinstate the complainant to his or her former position. 29 C.F.R. §§ 1979.104 and 1979.105; 49 U.S.C. § 42121(b)(2). If the complainant or airline objects to OSHA's decision, either can request a hearing before an administrative law judge. 29 C.F.R. § 1979.106; 49 U.S.C. §42121(b)(2)(A). At any time in the process, OSHA has discretion to prosecute the case in the administrative proceeding, petition for review of a decision of an administrative law judge, or participate as *amicus curiae* before the ALJ or in the Administrative Review Board. 29 C.F.R. § 1979.108; *see* 68 Fed. Reg. 14,100, 14,105 (March 21, 2003). Moreover, OSHA must approve any request by a complainant to withdraw his or her complaint. 29 C.F.R. § 1979.111.

> B. **OSHA's investigation of McKinney's whistleblower complaint is exempt from the automatic stay because it is an action by the U.S. Department of Labor to enforce its police and regulatory power under AIR21.**

The automatic stay does not apply to "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power . . . ." 11 U.S.C. § 362(b)(4). A government action is within a governmental unit's police or regulatory power for purposes of § 362(b)(4) if it satisfies one of two tests: the "public policy" or "pecuniary purpose" test. *N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 833-34 (9th Cir. 1991). Under the public policy test, government actions that effectuate public

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 5 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

policy may proceed; only those that adjudicate entirely private rights are stayed. *Id.* Under the "pecuniary purpose test," if the government action is not primarily to advance the pecuniary interest of the government itself, the case may proceed. *Id.* Because the Secretary's investigation of McKinney's whistleblower complaint under AIR21 satisfies both tests, that proceeding is exempt from the automatic stay.

### 1. OSHA's investigation satisfies the "public purpose" test.

OSHA's investigation serves the public purpose of enforcing the Secretary's regulatory power under AIR21—namely, his mandate to protect airline workers providing air safety information from the threat of reprisals by their employers. Indeed, it is well-settled that whistleblower protection provisions that are part of public health and safety laws are police and regulatory powers within the meaning of § 362(b)(4). *See See Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 388 (3d Cir. 1987) (§ 362(b)(4) "exempts from the automatic stay equitable actions brought by state and federal agencies to correct violations of regulatory statutes enacted to promote health and safety"); *see also Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 509 (1986) (noting that Congress's concern about environmental regulations prompted it to exempt some environmental injunctions from the automatic stay provisions of § 362). In enacting the whistleblower provisions of AIR21, Congress aimed to improve airline safety by encouraging workers to report their safety concerns without fear of retaliation. These public interests are particularly operative in this case because SeaPort continues to operate its airline business and employee aircraft workers who may have information about ongoing safety issues. Thus, OSHA's investigation is essential to prevent

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 6 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

further violations and encourage employees to report their safety concerns without fearing that their jobs will be jeopardized or that they will be subject to other reprisals by their employers. Excluding this investigation from the stay helps to ensure that debtors do not use a declaration of bankruptcy to avoid the consequences of their actions that threaten the public interest. *See S.E.C. v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (stating that the purpose of the § 362(b) exception is to "prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court.") (quotation marks and citation omitted).

Moreover, the law is clear in this circuit that the Secretary's investigation seeks to effectuate the critical public policies embodied in AIR21 rather than private rights. Even though "a successful result for the government[] . . . may well result in money being paid to private parties," the Secretary's case is "fundamentally [a] law enforcement action[] designed to protect the public." *See City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1126 (9th Cir. 2006). Thus, the Secretary's investigation satisfies the "public purpose" test. *See EEOC v. Rath Packing Co.*, 787 F.2d 318, 324–25 (8th Cir. 1986) (EEOC action exempt from automatic stay because when EEOC acts for the benefit of specific individuals, it does so to vindicate the public interest in preventing employment discrimination).

### a. While the facts giving rise to OSHA's investigation were provided by McKinney, OSHA's investigation is a government proceeding, not a private action.

Contrary to SeaPort's suggestion in its adversary complaint and TRO request, although information forming the basis of OSHA's investigation was initially provided by SeaPort's former CEO, that does not transform OSHA's investigation into an action by a private party. In

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 7 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

*U.S. Intern. Trade Com'n v. Jaffe*, 433 B.R. 538 (E.D. Va. 2010), the bankruptcy court considered this issue when it held that the police power exception applied to an investigation by the U.S. International Trade Commission. Specifically, the court concluded that the investigation was brought by a "governmental unit," even though it was initiated by private entities whose patents were allegedly infringed. In its holding, the court observed that "[i]t was the ITC, an independent federal agency created by Congress, that took affirmative steps to order the commencement of the investigation . . . , and the ITC thus controlled whether the investigation should commence in the first instance and, once commenced, the scope of the investigation." 433 B.R. at 543-44.

The court in reached a similar conclusion in *U.S. ex rel. Jane Doe I v. X, Inc.*, 246 B.R. 817 (E.D. Va. 2000). There, the court held that the police power exception applied to a *qui tam* action under the False Claims Act even though the government had not decided to intervene in the lawsuit.[1] *See id.* at 819–20. In reaching this conclusion, the court held that "the United States is the real party in interest in all *qui tam* suits, including those where the defendant files for bankruptcy." *Id.* at 820. As the court further stated, and as with OSHA AIR21 investigations, "the government retains significant rights in the litigation, even if it chooses not to intervene, such as the right to approve any settlement or agreed dismissal of the action." *Id.* at 819.

Notably here, the Secretary's AIR21 investigation is in its earliest stages—OSHA has not yet completed its investigation or issued preliminary findings. *See* McDevitt Decl. ¶ 5. As with

---

[1] The False Claims Act, 31 U.S.C. § 3729 *et seq.*, allows a private whistleblower with knowledge of fraud committed against the federal government to bring suit on its behalf.

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 8 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

the government agencies in *U.S. Intern. Trade Com'n v. Jaffe* and *U.S. ex rel. Jane Doe I v. X, Inc.*, at this stage of the proceedings, OSHA controls the scope of the investigation and has sole discretion to determine whether SeaPort has violated the whistleblower provisions of AIR21. Apart from providing OSHA with facts about the alleged violation, McKinney has no private right of action against SeaPort under AIR21. Further, because OSHA hasn't completed its investigation or issued a preliminary order, at this stage of the case, McKinney has no standing to object to OSHA's findings or request a hearing on the merits.[2] Indeed, at this time, even a request by McKinney to withdraw his complaint must be approved by OSHA. *See* 29 C.F.R. § 1979.111. Under these circumstances, OSHA, not McKinney, controls the scope and trajectory of the government's proceedings under AIR21.

### 2. OSHA's investigation satisfies the pecuniary purpose test.

The Secretary has no pecuniary purpose of his own in OSHA's investigation as any back pay or compensatory damages recovered will be paid to McKinney, not the government. The Ninth Circuit reached the same conclusion in *Continental Hagen*, holding that an NLRB action seeking back pay for employees and to enjoin an employer from engaging in unfair labor practices was "designed to prevent employers from violating federal labor law," not to protect the government's claim of entitlement to a pecuniary interest in the debtor's estate. 932 F.2d at 833.

---

[2] This procedural posture is distinct from that addressed by the court in *Hafer v. U.S. Dep't of Labor Admin. Review Bd.*, 277 F. App'x 739, 740-41 (9th Cir. 2008) (unpublished). There, the court found that the police power exception did not apply to an AIR21 action "brought by a private party," i.e., an action that was separately litigated by the complainant after OSHA had issued a preliminary order dismissing the case on the merits.

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 9 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

Finally, because enforcing any monetary judgment must take place in the bankruptcy court, the Secretary's monetary claims will be subject to bankruptcy procedures just like any other claim against the debtor, without any advantage by virtue of exemption from the automatic stay. *See Continental Hagen Corp.*, 932 F.2d at 835 (enforcing a district court order to pay back wages occurs in the bankruptcy court)*; Martin v. Safety Elec. Const., Co., Inc.*, 151 B.R. 637, 639 (D. Conn. 1993) (allowing the Secretary's FLSA case to proceed, noting that claims for "unpaid wages will not receive any extra priority by virtue of this action" and that "collection of the back pay and liquidated damages claims must proceed according to normal bankruptcy procedures").

## IV. CONCLUSION

The Secretary's investigation of SeaPort under the whistleblowers provision of AIR21 is exempt from the automatic stay under the police and regulatory power exception. There is no

//

//

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 10 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

basis for this Court to order McKinney to withdraw his complaint with OSHA.


Respectfully Submitted,


Dated: May 24, 2016

                              M. PATRICIA SMITH
                              Solicitor of Labor

                              JANET M. HEROLD
                              Regional Solicitor

                              BRUCE L. BROWN
                              Associate Regional Solicitor


                              By: _/s/ Rose Darling_____
                                   ROSE DARLING (Cal. Bar # 243893)
                                   Senior Trial Attorney

                              Attorneys for the Secretary
                              United States Department of Labor

SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION
UNDER THE WHISTLEBLOWER PROVISIONS OF AIR21, 49 U.S.C. § 42121
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 11 of 11

Case 16-03059-rld    Doc 13    Filed 05/24/16

JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ROSE DARLING
Senior Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Tel: (415) 625-7744
Fax: (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for Interested Party,
United States Department of Labor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No.: 16-30406-rld |
| SeaPort Airlines, Inc. | Adv. Pro. No. 16-03059-rld |
| Debtor in Possession, | **DECLARATION OF OSHA INVESTIGATOR PAUL MCDEVITT IN SUPPORT OF SECRETARY OF LABOR'S NOTICE OF INTENT TO PROCEED WITH REGULATORY ACTION UNDER WHISTLEBLOWER PROVISION OF AIR21, 49 U.S.C. § 42121** |
| SeaPort Airlines, Inc. | |
| Plaintiff, | |
| vs. | |
| Robert McKinney | |
| Defendant. | |

DECLARATION OF PAUL MCDEVITT
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 1 of 3

Case 16-03059-rld    Doc 13    Filed 05/24/16

I, PAUL MCDEVITT, declare as follows.

1. I submit this declaration in support of the Secretary of Labor's *Notice of Intent to Proceed with Regulatory Action Under Whistleblower Provision of AIR21*. I make this declaration freely and under penalty of perjury, and if called as a witness I would testify about the facts in this declaration.

2. I am employed as an Investigator for the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), in Seattle, Washington. As part of my official duties, I conduct investigations of employers in various states, including Oregon, to determine whether they are complying with the whistleblower provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121.

3. In March 2016, in the course of my duties as an Investigator, I was assigned to conduct an investigation of SeaPort Airlines, Inc., to determine whether the company or any person had violated the whistleblower provisions of AIR21 and to determine the back wage amounts, if any, associated with the violations.

4. OSHA began investigating SeaPort after receiving a complaint on March 4, 2016, from Robert McKinney, SeaPort's former president and CEO, which alleged that SeaPort forced him to resign three weeks after he sent a letter to the company's board of directors detailing his concerns about the airline's safety.

5. As part of my investigatory duties, in March 2016, I requested information from McKinney and SeaPort regarding McKinney's safety complaints and subsequent termination. To date, OSHA has not yet completed its investigation or issued preliminary findings.

DECLARATION OF PAUL MCDEVITT
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 2 of 3

Case 16-03059-rld    Doc 13    Filed 05/24/16

6. On April 14, 2016, I received a letter from SeaPort's counsel, Robert Vanden Bos, which claimed that OSHA's whistleblower investigation under AIR21 was subject to the Bankruptcy Code's automatic stay. In his letter, Vanden Bos demanded that OSHA dismiss McKinney's complaint and threatened to file adversary proceedings for injunctive relief to dismiss or enjoin OSHA's investigation. A true and correct copy of Vanden Bos's letter to me is attached hereto as **Exhibit A**.

7. On May 3, 2016, OSHA's legal counsel, Bruce Brown, sent a letter to SeaPort's counsel (cc'ing me), stating that OSHA's investigation is exempt from the automatic stay because it falls under the police power exception of the Bankruptcy Code, 11 U.S.C. § 362(b)(4). A true and correct copy of Brown's letter is attached hereto as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24, 2016 in Seattle, Washington.

_____
PAUL MCDEVITT

DECLARATION OF PAUL MCDEVITT
*In re SeaPort Airlines, Inc. (Case No. 16-30406-rld); SeaPort Airlines, Inc. v. Robert McKinney (Case No. 16-03059-rld)*
Page 3 of 3

Case 16-03059-rld    Doc 13    Filed 05/24/16

# EXHIBIT A

# VANDEN BOS & CHAPMAN, LLP
ATTORNEYS AT LAW

ROBERT J VANDEN BOS
ANN K. CHAPMAN

DOUGLAS R. RICKS
CHRISTOPHER N. COYLE*

*Also Admitted in Washington

SUITE 520, THE SPALDING BUILDING
319 SW WASHINGTON STREET
PORTLAND, OREGON 97204-2690
Website: vbcattorneys.com

Sender's Email:
bob@vbcattorneys.com

TELEPHONE
(503) 241-4869

FAX
(503) 241-3731

April 14, 2016

VIA FIRST CLASS MAIL
VIA EMAIL TO: McDevit.Paul@dol.gov

Paul McDevitt
U.S. Dept. of Labor
300 Fifth Ave, Suite 1280
Seattle, WA 98104-2397

Re: In re SeaPort Airlines, Inc.;
Chapter 11 Case No. 16-30406-rld11
File No. 7133

Dear Mr. McDevitt:

This office represents SeaPort Airlines, Inc. ("SeaPort") in its Chapter 11 bankruptcy case. This letter is in response to the whistleblower complaint Mr. McKinney filed with OSHA on March 4, 2016 referenced as McKinney/0-1650-16-019.

After investigating and reviewing the facts alleged in Mr. McKinney's complaint, I have determined that Mr. McKinney's complaint is a prepetition claim against SeaPort, subject to the automatic stay provided by 11 U.S.C. § 362. SeaPort filed for relief under Chapter 11 of the Bankruptcy Code on February 5, 2016. The acts or omissions of SeaPort, of which Mr. McKinney complains, occurred during the weeks leading up to SeaPort's bankruptcy filing. Specifically, Mr. McKinney's complaint, provided to SeaPort via email by you, lists occurrences on December 2nd and 23rd 2015. Further, Mr. McKinney tendered his letter of resignation on January 19, 2016. Under applicable caselaw, a claim against a debtor in bankruptcy, as defined in 11 U.S.C. § 101(5), arises at the time the act or omission occurred. *E.g. In re Russell*, Case No. 91-14721-BZ, 1996 Bankr. LEXIS 278 (Bankr. S.D. Cal. Feb. 28, 1996) (attached hereto for your convenience). Accordingly, Mr. McKinney's claim arose prior to SeaPort's filing for bankruptcy.

Mr. McKinney's complaint is a claim within the meaning of 11 U.S.C. § 101(5) because it seeks a monetary award against SeaPort. As Mr. McKinney's claim arose prior to February 5, 2016, his claim is a prepetition claim against a debtor in bankruptcy subject to the automatic stay of § 362; thus, any further action on Mr. McKinney's claim must cease. See, for example, the case of *Hafer v. United States Dep't of Labor Admin. Review Bd.*, where the Ninth Circuit upheld stay and dismissal of complaint proceedings under 49 U.S.C. § 42121(a) because the whistleblower complaint constituted a prepetition claim subject to stay and discharge. 227 Fed. Appx. 739 (9th Cir. 2008) (attached hereto for your convenience). Continued prosecution and investigation of this claim in violation of the automatic stay gives rise to a claim for damages, costs, and fees—including the potential for punitive damages—under 11 U.S.C. § 362(k).

# VANDEN BOS & CHAPMAN

Page 2
April 14, 2016

On behalf of Seaport, I demand that the Department of Labor dismiss the complaint because it was filed in violation of the automatic stay. If I do not receive confirmation of dismissal of Mr. McKinney's complaint within one week of the date of this letter, SeaPort will file an appropriate adversary proceeding in the U.S. Bankruptcy Court for injunctive relief to dismiss and/or enjoin prosecution of Mr. McKinney's complaint.

I will also note, by copy of this letter to Mr. McKinney, that he has an affirmative duty to dismiss the complaint to remedy his ongoing violation of the automatic stay. Every day which passes without dismissal of the complaint constitutes a continuing willful violation of 11 U.S.C. § 362.

Sincerely,

VANDEN BOS & CHAPMAN, LLP

Robert J Vanden Bos

RJVB:

cc: SeaPort Airlines, Inc.
Robert McKinney
Carla McClurg, United States Trustee
Douglas Pahl, Counsel for Creditor's Committee

# EXHIBIT B



**U.S. Department of Labor**

Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, Washington 98104-2397
(206) 757-6762
FAX (206) 767-6761

May 3, 2016

**Sent via UPS overnight**
*Copy sent via email*

Robert J, Vanden Bos
Vanden Bos & Chapman, LP
319 SW Washington Street, Suite 620
Portland OR 97204

    Re: OSHA investigation 0-1650-16-019; McKinney/SeaPort Airlines

Dear Mr. Vanden Bos:

I am writing in response to your letter to Paul McDevitt dated April 14, 2016. Specifically, I am writing in response to your assertion that OSHA's continuing investigation is barred by the automatic stay provision of the Bankruptcy Code.

OSHA's investigation of Mr. McKinney's complaint is authorized by law. See generally 49 U.S.C. § 42121; 29 C.F.R. 1979.04. As such OSHA's investigation falls within the police powers exception to the automatic stay. 11 U.S.C. § 362(b)(4). OSHA is clearly a "governmental unit" and its investigation is an exercise of OSHA's "police [or] regulatory power." Thus the automatic stay provision does not foreclose OSHA's continued investigation. *See U.S. v. LTV Steel Co., Inc.*, 269 B.R. 576 (W.D. Penn. 2001) (automatic stay does not bar Government from seeking entry of civil money penalties in Clean Air Act case); *Martin v. Safety Electric Construction, Co., Inc.*, 151 B.R. 637 (D. Conn. 1993) (automatic stay does not bar Secretary of Labor from seeking injunction of future violations of Fair Labor Standards Act); *Solis v. SCA Restaurant Corp.*, 463 B.R. 248 (E.D. New York 2011) (same); *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383 (3rd Cir. 1987) (automatic stay does not bar enforcement of OSHA citation); *see also In re Knoell*, 160 B.R. 825 (D. Arizona 1993) (automatic stay does not bar continued investigation by government agency).

The case you cite in your letter, *Hafer v. U.S. Dept. of Labor Admin. Rev, Bd.*, 277 Fed. Appx. 739, 2008 WL 2001038 (9th Cir. 2008) is not on point because that case did not involve the police powers exception. Indeed, the specific holding of *Hafer* is that a claim "brought by a private party" does not fall within the police powers exception. 2008 WL 2001038, *2.

Because OSHA's investigation falls within the police powers exception to the automatic stay, OSHA will comply with its congressionally mandated obligation to complete the investigation. Should you decide to proceed with an action in Bankruptcy Court to attempt to enjoin the investigation, please provide me with sufficient notice such that I (or another attorney from my office) can appear at that hearing.

Please do not hesitate to contact me should you wish to discuss our position as set out in this letter. However for any communication related to the underlying complaint and

Working to Improve The Lives of America's Working Families

investigation, please continue to communicate with the appropriate OSHA personnel.

Regards,

Bruce L. Brown,
Associate Regional Solicitor

Cc: (via email only) Dave Baker, Acting ARA for Whistleblower Programs; Tobias Kammer, RSI; Paul McDevitt, Investigator